IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **HAYLEY CROZIER,** *individually, and on behalf of herself and other similarly situated current and former employees*, <br><br> Plaintiff, <br><br> v. <br><br> **FULL SPECTRUM PEDIATRIC THERAPY, INC. and LANA BROOME,** <br><br> Defendants. | Case No. _____ <br><br><br><br> **JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Hayley Crozier, individually, and on behalf of herself and other similarly situated current and former employees, by and through counsel, brings this Collective Action Complaint against Defendants Full Spectrum Pediatric Therapy, Inc. and Lana Broome, and alleges as follows:

### I. INTRODUCTION

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. This lawsuit is brought against Defendants as a collective action under the FLSA to recover unpaid minimum wage and overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees who are members of a collective class as defined herein and are currently or were previously employed by Defendants.

2. Defendant Full Spectrum Pediatric Therapy, Inc. operates a physical therapy practice in

1

Clarksville, Tennessee. Defendant Lana Broome is the sole owner and President of FSPT who supervised Plaintiff and the other putative class members.

3. Defendants employ hourly, nonexempt employees to assist in FSPT's operations, including working with therapy patients, completing necessary paperwork, and cleaning the premises.

4. Defendants regularly require and/or required their hourly employees, including Plaintiff, to clock out before completing all of their work duties, including documenting patient paperwork, cleaning, and restocking supplies.

5. Named Plaintiff Hayley Crozier ("Named Plaintiff") complained about this clock-out practice and Office Manager Ashley Perry responded that "[Plaintiff] still needed to get [the job duties] done, we are a team." Defendant Lana Broome was fully aware of this practice and admitted as much in a Position Statement submitted to the U.S. Equal Employment Opportunity Commission.

6. Other hourly employees of Defendants complained to Named Plaintiff that they were also victims of this unlawful time clock practice.

7. As a result, Defendants do not properly compensate employees for all "hours worked" in a workweek. Rather, Defendants force employees to finish their work duties – approximately one hour per shift – without compensation.

8. Named Plaintiff seeks to represent individuals in this action who are current and former hourly employees who work or worked for Defendants and are similarly situated to each other by being subjected to Defendants' uniform policy of forcing employees to clock out before all necessary work is completed.

9. Defendants knew or could have easily determined that their hourly employees are not exempt from the FLSA's minimum wage and overtime pay requirements, and Defendants could have

2

Case 3:22-cv-00106    Document 1    Filed 02/16/22    Page 2 of 14 PageID #: 2

properly compensated Named Plaintiff and other employees for all work performed, but deliberately chose not to.

10. Named Plaintiff seeks a declaration that her rights and the rights of the putative collective action members were violated, an award of unpaid minimum wage and overtime compensation, liquidated damages, injunctive and declaratory relief, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendants to such illegal conduct in the future.

## II. JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Specifically, this Court has jurisdiction over Named Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

12. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants are residents of this District and maintain their principal place of business in Clarksville, Tennessee, and a substantial part of the events forming the basis of this suit (including implementation of the illegal pay practices alleged in this litigation) occurred in the Middle District of Tennessee.

13. Personal jurisdiction also applies to Defendants because they reside in this District in Clarksville, Tennessee.

14. At all times material to this action, Named Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

15. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

### III. PARTIES

16. Named Plaintiff Hayley Crozier is a Tennessee resident and former employee of Defendants, where she worked as an occupational therapy assistant. She was compensated for her work through the payment of an hourly wage (most recently, $20.75). Ms. Crozier's signed consent form to join this collective action is attached hereto as **Exhibit A**.

17. Defendant Full Spectrum Pediatric Therapy, Inc. ("FSPT") is a Tennessee for-profit corporation with its principal place of business at 298 Warfield Blvd., Ste. C, Clarksville, TN 37043. It may be served through its Tennessee registered agent: Lana K. Broome, 298 Warfield Blvd., Ste. C, Clarksville, TN 37043-1828.

18. Defendant Lana Broome ("Defendant Broome") is upon information and belief a resident of Montgomery County, Tennessee, and is the sole owner-manager of FSPT. Defendant Broome may be served with process at her business address, 298 Warfield Blvd., Ste. C, Clarksville, TN 37043-1828.

19. During the time period relevant to this action, Defendants were Named Plaintiff's and similarly situated individuals' "employer" or "joint employer," as defined in the FLSA, 29 U.S.C. §203(d), and Sixth Circuit case law.

20. Named Plaintiff and similarly situated individuals' conditions of employment, including compensation and company-wide policies, were managed and decided by Defendant Broome, who owns, manages, and directs the business affairs of FSPT as a private, closely-held corporation.

## IV. JOINT EMPLOYER ALLEGATIONS

21. Defendants jointly employ or employed Named Plaintiff and every other hourly employee who was employed to work for Defendants.

22. Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee…." 29 U.S.C. § 203(d).

23. "Courts have adopted an expansive interpretation of the definitions of 'employer' and 'employee' under the FLSA, in order to effectuate the broad remedial purposes of the Act." *Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) (*citing Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 144 (6th Cir. 1977).

24. Congress defined "employee" as "any individual employed by an employer", 29 U.S.C. § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one act." *U.S. v. Rosenwasser*, 323 U.S. 360, 363 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)); *Tony and Susan Alamo Found. v. Sec. of Lab.*, 471 U.S. 290, 300 (1985) (same).

25. The determination of whether an employer-employee relationship exists "does not depend on isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). The touchstone is "economic reality." *Goldberg v. Whitaker H. Co-op., Inc.*, 366 U.S. 28, 33 (1961).

26. Two or more employers may jointly employ someone for purposes of the FLSA. *Falk v. Brennan,* 414 U.S. 190, 195 (1973). All joint employers are individually responsible for compliance with the FLSA. 29 C.F.R. § 791.2(a).

27. Regulations issued by the DOL give the following example of a joint employer scenario:
    [T]he employee has an employer who suffers, permits, or otherwise employs the

5

employee to work, but another person simultaneously benefits from that work. The other person is the employee's joint employer only if that person is acting directly or indirectly in the interest of the employer in relation to the employee.

C.F.R. § 791.2(a)(1) (citation omitted).

28. The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469-70 (9th Cir. 1983). The ultimate determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing *Rutherford*, 331 U.S. at 722).

29. Upon information and belief, Defendant Broome, individually and exclusively, exercises ownership and control over FSPT as a corporation.

30. As such, Defendant Broome is individually liable under the FLSA because, as owner, she has the power to (1) hire and fire employees; (2) supervise and control employee work schedules and conditions of employment; (3) determine the rate and method of payment; and (4) maintain employment records.

31. For all these reasons, and more, Defendants employed or jointly employed Named Plaintiff and the putative collection class members.

32. "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir.1991) (citations omitted). "'The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications.'" *Id.* (quoting *McLaughlin v. Seafood, Inc.,* 867 F.2d 875, 877 (5th Cir. 1989) (*per curiam*)). To determine whether an entity is an "employer" subject to the FLSA, the Court must consider the "economic reality" of the situation. *United States Dep't. of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 778 (6th Cir. 1995).

33. Whether Defendants were her employer, or joint employer, Defendants are nevertheless

6

liable for the wage violations pleaded by Named Plaintiff in this Complaint. *See Gonzalez v. HCA, Inc.*, 3:10-00577, 2011 WL 3793651, at *12 (M.D. Tenn. Aug. 25, 2011 ("[A]ll joint employers are responsible, both individually and jointly, for compliance with the FLSA.") (internal quotations and citation omitted).

34. The above well-pleaded facts all support Named Plaintiff's standing to sue Defendants as her joint employer and seek damages for the alleged violations under a joint employment theory. *See Parrott v. Marriott Intl., Inc.*, 17-10359, 2017 WL 3891805, at *4 (E.D. Mich. Sept. 6, 2017) (denying motion to dismiss and finding that the plaintiffs alleged enough facts to support their joint employer theory under the FLSA).

35. Named Plaintiff believes, and alleges thereon, that Defendants, as her employer or joint employer, are responsible for the circumstances pleaded by Named Plaintiff, and that Defendants proximately caused the unlawful and unfair acts and wage violations complained of by Named Plaintiff.

36. At all times herein mentioned, Defendants committed, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of by Named Plaintiff herein.

37. At all times herein mentioned, Defendants' acts and omissions proximately caused the complaints, injuries, and damages alleged by Named Plaintiff and the putative collection class members.

## V. FACTUAL ALLEGATIONS

38. Defendants operate as a physical therapy practice in Clarksville, Tennessee.

39. As Named Plaintiff's former employer, Defendants set wage and hour policies, including employees' hourly pay, overtime rate, and work schedule (including when to clock in and clock out).

7

40. Defendants have and continue to employ non-exempt hourly-paid employees whose primary duties are assisting with patients, completing paperwork, and cleaning the premises.

41. As a former employee for Defendants, Named Plaintiff was paid an hourly wage, typically worked a full-time schedule until in or about May 2021, and was expressly or impliedly required to work off-the-clock for approximately five (5) hours per week for several workweeks, including during unpaid lunch breaks.

42. Defendants schedule back-to-back patient sessions during the workday and do not provide sufficient time for hourly employees to complete all necessary job duties. As Defendants stated in their Position Statement, "[FSPT] schedules patient treatments on the hour beginning at 8am-12 pm, closed for lunch 12-1 pm, and patient treatments 1pm – 4pm (last scheduled apt [sic] closing at 5 pm). We do not have breaks between patients, therapists see their patients back to back Monday – Friday and mandatory 1 hour lunch break 12-1)."

43. Yet, Defendants expect their hourly employees to complete job duties off the clock. As such, Defendants have and continue to employ a uniform pay structure for its hourly employees that violates the FLSA because Named Plaintiff and similarly situated employees were and are not paid minimum wage, and/or overtime for all hours worked over 40 in a workweek, for all hours worked.

44. As hourly employees, Named Plaintiff and the other members of the putative class do not fall under any FLSA exemption from minimum wage or overtime requirements.

45. As such, Defendants willfully failed to pay Named Plaintiff and other similarly situated employees the mandatory minimum wage of $7.25 an hour and proper overtime in order to save payroll costs. As a consequence, Defendants have violated the FLSA and thereby have enjoyed ill-gained profits at the expense of Named Plaintiff and others similarly situated.

46. Named Plaintiff and others similarly situated are entitled to a recovery of back pay, liquidated

8

damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants for all such unpaid minimum wage and overtime that is available under the FLSA.

47. Named Plaintiff's damages include all unpaid minimum and overtime wages, liquidated damages, plus any interest, attorney's fees, costs, or other damages that the Court deems appropriate.

## VI. COLLECTIVE ACTION ALLEGATIONS

48. Named Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> ***All current and former hourly employees who work or have worked for Defendants in Tennessee at any time during the three years preceding the filing of this Complaint through judgment.***

(hereinafter referred to as the "putative FLSA Collective"). Named Plaintiff reserves the right to amend this definition if necessary.

49. Defendants are liable under the FLSA for, *inter alia*, failing to properly (1) maintain accurate and complete payroll records for all hours worked by employees and (2) compensate Named Plaintiff and other similarly situated hourly employees for all hours worked (minimum wage and overtime).

50. Consistent with Defendants' policy, pattern or practice, Named Plaintiff and the putative FLSA Collective were not paid any compensation after being told to clock out by Defendant Broome and/or FSPT's Office Manager Ashley Perry before continuing their work duties.

51. Defendants assigned and were otherwise aware of all work duties that Named Plaintiff and the putative FLSA Collective performed.

52. As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Named

9

Plaintiff and the putative FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay Named Plaintiff and the putative FLSA Collective minimum wage for all hours worked and/or premium overtime wages for hours worked in excess of 40 hours per workweek.

53. Defendants are aware or should have been aware that federal law required them to pay Named Plaintiff and the putative FLSA Collective a minimum wage of $7.25 an hour, and overtime premiums for hours worked in excess of 40 per workweek.

54. Defendants' unlawful conduct has been widespread, repeated and consistent.

55. A collective action under the FLSA is appropriate because the other employees of the putative FLSA Collective are "similarly situated" to Named Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Named Plaintiff bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy or plan; and/or (d) their claims are based upon the same factual and legal theories.

56. The employment relationships between Defendants and every putative FLSA Collective member are the same. The key issue – mandatory off-the-clock work resulting in unpaid minimum wage and overtime compensation – does not vary among the putative FLSA Collective members.

57. Many similarly situated current and former employees have been underpaid in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

58. Court-supervised notice of this lawsuit should be sent to the putative FLSA Collective pursuant

to 29 U.S.C. § 216(b).

59. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' personnel and payroll records.

60. Named Plaintiff estimates the putative FLSA Collective, including both current and former employees over the relevant period, will include about 10 workers. The precise number of putative FLSA Collective members should be readily ascertainable from a review of Defendants' personnel and payroll records.

### VII. CAUSE OF ACTION

**COLLECTIVE ACTION VIOLATIONS OF FLSA FOR**
**FAILURE TO PAY MINIMUM WAGE AND OVERTIME**

61. Named Plaintiff, on behalf of herself and other members of the putative FLSA Collective, re-allege the foregoing Paragraphs.

62. At all times relevant herein, Defendants have employed (and/or continue to employ) Named Plaintiff and each of the members of the putative FLSA Collective within the meaning of the FLSA.

63. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees for all hours worked, including a minimum wage of $7.25 an hour, and overtime compensation at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

64. The FLSA requires covered employers, such as Defendants, to make, keep, and preserve accurate records of all hours worked by non-exempt employees.

65. Defendants are liable under the FLSA for failing to properly compensate Named Plaintiff and the putative FLSA Collective. Named Plaintiff is similarly situated to members of the putative FLSA Collective, and, as such, notice should be sent to the collective class. There are numerous

similarly situated current and former employees of Defendants who have suffered from Defendants' common and uniform policies, practices and/or procedures of not paying hourly employees for all hours worked, and who thus would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in this action.

66. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

67. Defendants knew or showed willful disregard for the fact that its time clock and compensation policies violated the FLSA because Defendants failed to pay Named Plaintiff minimum wage and/or overtime for all hours worked over 40 in a workweek, nor did Defendants' compensation policy ensure that Named Plaintiff would be exempt from the FLSA.

68. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint, in ways including, but not limited to, knowingly failing to pay employees for all hours worked, including minimum wage and/or overtime compensation.

69. Defendants have not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA as alleged in the preceding Paragraphs. As a result thereof, Named Plaintiff and members of the putative FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime compensation as permitted by §16(b) of the FLSA. 29 U.S.C. §216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds to believe it was complying with the FLSA, Named Plaintiff and all similarly-situated class members are entitled to an award of prejudgment interest at the applicable legal rate.

70. Named Plaintiff and the FLSA Collective are entitled to damages equal to pay for all hours worked, including overtime hours worked at the overtime premium rate mandated by the FLSA within the three (3) years preceding the filing of the Complaint, because Defendant acted

willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

71. Due to Defendants' willful FLSA violations, as described above, Named Plaintiff and the other members of the putative FLSA Collective are entitled and, hereby seek, to recover from Defendants compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

72. WHEREFORE, Named Plaintiff, individually, and on her own behalf and on behalf of the putative FLSA Collective, requests judgment as follows:

    a. Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to Named Plaintiffs' FLSA claims;

    b. Ordering Defendants to disclose in computer format, the names, mailing addresses, e-mail addresses, phone numbers, and dates of employment of all putative FLSA Collective members, and permitting Named Plaintiff to send notice of this action to all those similarly situated individuals, apprising the FLSA Collective members of their rights by law to join and participate in this lawsuit;

    c. Designating Named Plaintiff as the representative of the putative FLSA Collective and undersigned counsel as class counsel for the same;

    d. Declaring Defendants violated the FLSA;

    e. Declaring Defendants' violations of the FLSA were willful;

    f. Granting judgment in favor of Named Plaintiff and against Defendants and awarding Named Plaintiff and the FLSA Collective the full amount of damages and

liquidated damages available by law;

g. Awarding reasonable attorneys' fees and costs incurred by Named Plaintiff and the putative FLSA Collective in filing this action as provided by statute;

h. Awarding pre- and post-judgment interest on these damages; and

i. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Named Plaintiff, individually, and on behalf of all others similarly situated, by and through counsel, hereby demands a jury trial.

Respectfully Submitted,

s/ Curt Masker
Curt M. Masker, TN Bar No. 037594
THE MASKER FIRM
810 Dominican Drive, Suite 314
Nashville, Tennessee 37228
Telephone: (615) 270-2098
Facsimile: (615) 821-0632
curt@maskerfirm.com

*Counsel for Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*